IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

DANIEL HOWARD,                      *
                                    *
       Plaintiff,                   *
                                    *
v.                                  *      CV 109-156
                                    *
THE DIRECTV GROUP, INC.,            *
MASTEC, INC., and AT&T              *
MOBILITY, LLC,                      *
                                    *
       Defendants.                  *

---

**O R D E R**

---

Presently pending before the Court is Defendant DirectTV, Inc. ("DirecTV") and MasTec North America, Inc.'s ("MasTec") Opposition to Plaintiff's Motion to Amend, or in the Alternative, Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. no. 37.) Upon due consideration, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is **GRANTED**.

**I. BACKGROUND**

This action arises from the unauthorized installation and billing of satellite television services and bundled communication packages. Plaintiff contends that the installation of these services detrimentally affected his credit. The relevant facts are set forth below.

## A. Factual Background[1]

1. <u>Claims Relating to the AT&T[2] Account</u>

On November 14, 2006, unbeknownst to Plaintiff, Defendant AT&T Mobility, LLC ("AT&T") used Plaintiff's personal credit information to install and activate a bundled communication package at the property owned by Richard R. Weiber, Jr. ("Weiber"). Several months later, BellSouth Telecommunications ("BellSouth") contacted Plaintiff and informed him of a delinquent account registered at Weiber's address. The phone number associated with this account was 706-798-1722. Suspecting that the delinquent account was the result of identity theft, Plaintiff filed an incident report with the Richmond County Sheriff's Department.

Plaintiff subsequently received and completed a fraud package and identity theft affidavit from the BellSouth Risk Management Center. On March 12, 2007, BellSouth informed Plaintiff that the 706-798-1722 phone number was established without his authorization. As a result, BellSouth employees told Plaintiff that the delinquent report would not be referred to a collection agency and would not appear on Plaintiff's credit report.

However, on June 6, 2008, Plaintiff received a collection letter from Nationwide Recovery System informing him that they had been retained by AT&T to collect a debt of $447.00. Plaintiff

---

[1] In deciding this motion to dismiss, the Court must accept all facts alleged in the Second Amended Complaint as true and must construe all reasonable inferences in the light most favorable to the non-movant. See <u>Hoffman-Pugh v. Ramsey</u>, 312 F.3d 1222, 1225 (11th Cir. 2002).

[2] On December 29, 2006, AT&T Mobility, LLC acquired BellSouth Telecommunications and consolidated the ownership of Cingular Wireless, LLC.

2

disputed the debt and called the AT&T fraud department, which stated that the suspected fraud would be investigated. After a subsequent investigation, AT&T informed Plaintiff that the account was in fact fraudulent and that he would not be responsible for any charges.[3]

2. <u>Claims Relating to the DirecTV Account</u>

On July 6, 2008, Plaintiff received a letter from the law office of Mitchell N. Kay, P.C., informing him that the firm had been retained by DirecTV to collect a debt of $233.60. The letter stated that Plaintiff owed this amount as a result of services provided in connection with a DirecTV account identified as #62898476-A.[4] Plaintiff contacted the law office and explained that the billing must have been the result of a mistake. He stated he never requested or received any services from DirecTV and had no idea how his name and personal information became affiliated with any of its accounts. Upon verifying Plaintiff's address and social security number, the representative concluded that Plaintiff had opened the account and was therefore responsible for the resulting debt.

After learning of the pending claim against him, Plaintiff contacted Experian, a credit reporting agency, and asked that

---

[3] These factual allegations against AT&T were not raised in either the original Complaint or the First Amended Complaint. They were instead raised for the first time in Plaintiff's Second Amended Complaint. The Court recognizes that adding a new defendant without leave of Court amounts to an impermissible amendment. However, the Court addresses the allegations against AT&T because Plaintiff raises claims against all "Defendants" generally, and, as explained later in this Order, the Court has determined that all claims should be dismissed.

[4] Defendant Mastec is the primary installer for the DirecTV Group's satellite communication system.

3

Experian place a security alert on his account. He also requested a copy of his credit report. Experian represented that it would notify the other two major reporting agencies, Transunion and Equifax, and would advise them to place fraud alerts on Plaintiff's accounts.

On July 14, 2008, Plaintiff received a credit report that did not contain any references to pending collection actions or accounts connected to DirecTV. However, on October 20, 2008, Plaintiff requested and received a follow-up report. The follow-up report showed a pending collection action, identified DirecTV as the creditor, and listed the relevant account number as #62898476. Upon receiving this report, Plaintiff contacted DirecTV. DirecTV informed Plaintiff that although an account had been opened using his personal information, the account had since been closed. DirecTV personnel connected Plaintiff to its fraud department, which agreed to investigate the matter. On November 5, 2008, Plaintiff received a letter from DirecTV regarding the results of its investigation and informing Plaintiff that it had concluded that he was not responsible or liable for any debts associated with account #62898476.

**B. Procedural Background**

1. Initial Complaint

On June 22, 2009, Plaintiff, proceeding *pro se*, brought this action against DirecTV and MasTec in the Superior Court of Richmond County, Georgia, based upon allegations that DirecTV willfully and negligently initiated an erroneous collection action against him.

(Compl. ¶ 23.) According to Plaintiff, in addition to causing undue stress, the collection action negatively affected his "FICO" score and damaged his investment business. (Id. ¶¶ 19-21.) Based upon these factual allegations, Plaintiff alleged, *inter alia*, that DirecTV violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Id. ¶¶ 22-23.)

On December 11, 2009, MasTec removed the case to this Court. (Doc. no. 1.) On December 18, 2009, MasTec filed a motion to dismiss Plaintiff's Complaint. (Doc. no. 6.) Plaintiff timely responded to Defendant's motion (doc. no. 10), and, approximately two months later, filed a motion to amend his complaint (doc. no. 16). The Court granted Plaintiff's motion to amend (doc. no. 25) and, consequently, denied MasTec's first motion to dismiss as moot.

2. First Amended Complaint

On September 22, 2010, Plaintiff filed an Amended Complaint. (Doc. no. 26.) Based upon the aforementioned acts, Plaintiff claimed that Defendants violated a series of federal statutes, including several provisions of the Federal Communications Act ("FCA") and the Consumer Credit Protection Act ("CCPA"). In support thereof, Plaintiff asserted, *inter alia*, that Defendants "omitted procedural guidelines, failed to verify [his] identity," "intentionally ignored numerous 'Red Flags,'" and "compromised Plaintiff['s] personal information," which resulted in a substantial negative impact on his credit score that detrimentally affected his property management business. (Am. Compl. ¶¶ 24 & 26.)

Defendants subsequently filed a motion to dismiss the Amended Complaint. (Doc. no. 29.)

On September 2, 2011, the Court entered an Order dismissing with prejudice all of Plaintiff's claims brought pursuant to the FCA. (Doc. no. 35.) The Court also dismissed the CCPA claims without prejudice because Plaintiff failed to provide sufficient factual allegations to enable the Court to determine whether Plaintiff had a viable claim under 15 U.S.C. §§ 1631 and 1667. Moreover, the Court dismissed Plaintiff's state law defamation claim without prejudice. Plaintiff was given fourteen days from the date of the Order to file a motion seeking leave to amend his complaint. The Court cautioned that "any amendments must be strictly limited to Plaintiff's state law 'defamation' claim and those claims brought pursuant to 15 U.S.C. §§ 1631(b), 1667a, and 1681s-2(b)."[5] (Doc. no. 35 at 22 n. 7.)

3. Second Amended Complaint

On September 16, 2011, Plaintiff filed his Second Amended Complaint.[6] (Doc. no. 36.) Plaintiff asserts the same factual basis against DirecTV and Mastec and also adds AT&T as a Defendant in this action. He asserts that AT&T, like the other Defendants, negligently compromised his personal information. (Sec. Am. Compl.

---

[5] Although Plaintiff was given leave to amend his §§ 1631(b) and 1667a claims, the Second Amended Complaint does not assert claims under either of these provisions.

[6] The Court is aware that Plaintiff did not file a motion seeking leave to amend his complaint as directed in the Court's September 2, 2011 Order. Despite this procedural defect, the Court will consider the Second Amended Complaint.

6

¶¶ 38-48.) Plaintiff alleges that all Defendants violated the FCA by negligently utilizing his personal information without proper authorization. (Id. ¶ 37.) Plaintiff once again claims that "Defendants willfully and negligently submitted negative or adverse information to [a credit reporting agency] without notifying [Plaintiff]" in violation of 15 U.S.C. § 1681. (Id. ¶ 54.) The Second Amended Complaint also raises claims for negligence, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, as well as violations of various provisions of the Official Code of Georgia. These allegations are discussed in detail below.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh, 312 F.3d at 1225. The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 1940 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual

7

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1940. While there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. DISCUSSION

**A.  Federal Communications Act, 47 U.S.C. § 217**

In the Court's September 2, 2011 Order, Plaintiff's 47 U.S.C. § 217 claim was dismissed with prejudice, and therefore Plaintiff is precluded from raising it in his Second Amended Complaint. However, the Court notes that even if it considered the § 217 claim, it would fail. Section 217 does not provide an independent cause of action in and of itself. (Doc. no. 35, at 8.) Instead, its application is dependent upon the identification of another provision within the FCA that was allegedly violated. (Id.) As the Court noted in its previous Order and will reiterate now, Plaintiff fails to identify a single provision within the FCA that supports his § 217 claim. Because the Court cannot consider Plaintiff's § 217 claim standing alone, it should be dismissed.

**B.  Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.***

In his Second Amended Complaint, Plaintiff alleges various violations of the FCRA. The FCRA protects consumers from having inaccurate information about their credit status circulated to credit reporting agencies. Pickney v. SLM Fin. Corp., 433 F.

8

Supp. 2d 1316, 1318 (N.D. Ga. 2005) (internal citations omitted). Under this Act, furnishers of information to credit reporting agencies have a duty to, among other things, investigate disputed information and report the results of these investigations to credit reporting agencies. Id. Plaintiff alleges that Defendants negligently initiated a collection action against him without verifying the accuracy of the information and without notifying him. He claims that this conduct violates §§ 1681s-2(a), 1681m(d)(1) and 1681m(e)(1)(A) of the FCRA.[7] Defendants, however, assert that these claims should be dismissed as no private right of action exists under §§ 1681s-2(a) and 1681m.

1. 15 U.S.C. § 1681s-2(a)

Plaintiff alleges that Defendants negligently submitted negative or adverse information to a credit reporting agency without notifying him in violation of 15 U.S.C. § 1681s-2(a)(7)(A). Section 1281s-2(a) of the FCRA requires furnishers of information to submit accurate information to credit reporting agencies. Green v. RBS Nat'l Bank, 288 Fed. Appx. 641, 642 (11th Cir. 2009). However, the FCRA does not provide a private right of action to redress such a violation. See 15 U.S.C. § 1681s-2(d); Blackwell v. Capital One Bank, No. 6:06-cv-066, 2008 WL 793476, at *2 (S.D. Ga. Mar. 25, 2008) ("[C]laim[s] for failure to provide accurate information under § 1681s-2(a) must be dismissed because there is

---

[7] The Court notes that Plaintiff was not given leave to amend his Complaint to add claims under these three provisions of the FCRA. However, because Plaintiff is proceeding *pro se* and because Plaintiff was given leave to amend his claim under § 1681s-2(b) of the FCRA, the Court will consider the related claims contained in the Second Amended Complaint.

9

no private right of action to enforce that duty."); Neal v. Equifax Credit Info. Servs., Inc., No. 1:03-cv-761, 2004 WL 5238126, at *4 (N.D. Ga. Mar. 11, 2004) ("[E]very court that has addressed the issue in a reported decision has concluded that private plaintiffs have no cause of action under 15 U.S.C. § 1681s-2(a)."). Thus, Plaintiff's claim under subsection (a) must be dismissed.

### 2. 15 U.S.C. § 1681s-2(b)

Although not specifically alleged in the Second Amended Complaint, Plaintiff appears to also raise a claim pursuant 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) provides that once a furnisher of information receives notice of a dispute from a consumer reporting agency, it must conduct an investigation into the disputed information and report any inaccuracies. Unlike § 1681s-2(a), § 1681s-2(b) creates a private right of action, but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency. Green, 288 Fed. Appx. at 642. Thus, to support an FCRA claim against a furnisher of information, a private plaintiff must allege that the furnisher, after receiving proper written notice of a dispute regarding the completeness or accuracy of information provided by a person to a consumer reporting agency, did one of the following: (1) failed to conduct an investigation with respect to the disputed information; (2) failed to review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of the FCRA; (3) failed to report the results of the investigation to the consumer reporting agency; or, (4) if an item of information disputed by a

10

consumer is found to be inaccurate, incomplete, or cannot be verified after any reinvestigation, failed to modify, delete, or permanently block the reporting of that item of information. See 15 U.S.C. § 1681s-2(b).

The Court allowed Plaintiff to amend his Amended Complaint because it did not contain any factual allegations supporting a claim under § 1681s-2(b). However, the Second Amended Complaint does not cure the deficiencies of the Amended Complaint. Plaintiff has not alleged that any credit reporting agency sent Defendants a dispute notice, triggering a duty to investigate. Moreover, Plaintiff does not allege that Defendants failed to conduct a reasonable investigation or failed in any other way outlined above. Accordingly, to the extent Plaintiff may be asserting a claim under § 1681s-2(b), that claim fails and is dismissed.

3. 15 U.S.C. §§ 1681m(d)(1) & 1681m(e)(1)(A)

Plaintiff further claims that Defendants negligently completed a credit transaction not initiated by Plaintiff in violation of § 1681m(d)(1) and failed to maintain reasonable procedures to avoid identity theft in violation of § 1681m(e)(1)(A). Defendants, however, contend that there is no private cause of action under § 1681m and that those claims should therefore be dismissed.

Section 1681m provides that civil liability for willful or negligent non-compliance "shall not apply to any failure by any person to comply with this section." 15 U.S.C. § 1681m(h)(8)(A). The FCRA further provides that § 1681m "shall be enforced exclusively under § 1681s of this title by the Federal agencies and

11

officials identified in that section." 15 U.S.C. § 1681m(h)(8)(B). Thus, there is no private right of action to enforce § 1681m. See, e.g., Perry v. First Nat'l Bank, 459 F.3d 816, 823 (7th Cir. 2006) (holding "[t]he unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m"); Floyd-Keith v. Homecomings Fin., LLC, 2:09-cv-769, 2010 WL 3927596, at *8 (M.D. Ala. Sept. 17, 2010); Crowder v. PMI Mortgage Ins. Co., No. 2:06-cv-114, 2006 WL 1528608, at *2 (M.D. Ala. May 26, 2006). As such, Plaintiff's claims under § 1681m must be dismissed.

**C. State Law Claims**

1. Defamation Claim

Plaintiff also asserts a state law defamation claim against Defendants. Defendants contend that the defamation claim should be dismissed because § 1681t(b)(1)(F) of the FCRA preempts all state law causes of action against furnishers of credit information.

The FCRA contains two preemption provisions. Prior to 1996, preemption of state law claims by the FCRA was governed only by § 1681h(e). Section 1681h(e) provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the

12

> report except as to false information furnished with
> malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). In 1996, Congress enacted the Consumer Credit Reporting Reform Act of 1996, which introduced another preemption provision to the FCRA. The relevant portion of § 1681t(b)(1)(F) provides:

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—
>
> . . . .
>
> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to specified provisions of the Massachusetts Annotated Laws or the California Civil Code].

15 U.S.C. § 1681t(b)(1)(F).

District courts have developed three different approaches when applying these two provisions to state law tort claims against furnishers of information. The "total preemption" approach holds that § 1681t(b)(1)(F) preempts all state law claims against furnishers of information to credit reporting agencies. See, e.g., Carruthers v. Am. Honda Fin. Corp., 717 F. Supp. 2d 1251 (N.D. Fla. 2010) (adopting "total preemption" approach). The "temporal" approach holds that state law claims against furnishers of information that arise after the furnisher receives notice of a dispute are categorically barred by § 1681t(b)(1)(F), but preemption of state law claims arising before the furnisher

receives notice of a dispute are governed by § 1681h(e). See, e.g., Woltersdorf v. Pentagon Fed. Credit Union, 320 F. Supp. 2d 1222 (N.D. Ala. 2004) (adopting "temporal" approach). The "statutory" approach holds that § 1681t(b)(1)(F) applies to state statutory law claims, while § 1681h(e) applies to state common law claims. See, e.g., Johnson v. Citimortgage, Inc., 351 F. Supp. 2d 1368 (N.D. Ga. 2004) (adopting "statutory" approach).

Although the statutory approach has gained widespread acceptance among the district courts in Georgia, an emerging view posits that no conflict exists between the two provisions because of the limited scope of § 1681h(e), which does not apply to FCRA claims brought against furnishers of information. Spencer v. Nat'l City Mortgage, No. 1:10-cv-3532, 2011 WL 6396509, at *7 (N.D. Ga. Aug. 8, 2011). As one district court in this circuit explained:

> The court finds there is no ambiguity in § 1681t(b)(1)(F) on its face . . . . It appears to this court that § 1681h(e) should only be looked to to determine whether it conflicts with the plain language of § 1681t(b)(1)(F) if § 1681h(e) is otherwise applicable in the case. That is, this court should not undertake to resolve a theoretical conflict between statutes unless the statute which allegedly causes the conflict with the other, unambiguous, statute applies in the case.

Knudson v. Wachovia Bank, 513 F. Supp. 2d 1255, 1259 (M.D. Ala. 2007). The Fourth Circuit and the Seventh Circuit, the only circuits that have addressed preemption under the FCRA, also adopted this approach. See Purcell v. Bank of America, 659 F.3d 622, 625 (7th Cir. 2011); Ross v. Fed. Dep. Ins. Corp., 625 F.3d 808, 814 (4th Cir. 2010).

14

This Court finds the emerging approach persuasive and therefore finds that there is no ambiguity between the two statutes. Under this approach, Plaintiff's state law defamation claim should be dismissed. As set out above, § 1681h(e) limits, with exceptions, the scope of the immunity it provides to particular kinds of claims "based on information disclosed pursuant to section 1681g, 1681h, or 1681m . . . , or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report. . . ." See 15 U.S.C. § 1681h(e). Sections 1681g and 1681h of the FCRA set out the requirements for consumer reporting agencies when making disclosures to consumers. Section 1681m, as well as the remaining language of § 1681h(e), apply to users of information that take adverse action against the consumer.

Plaintiff has not alleged that Defendants are consumer reporting agencies or users of information that took adverse action against him. Instead, Defendants are furnishers of information.[8] Accordingly, § 1681h(e) is not applicable to the facts of this case, and the liability limitation, and exceptions thereto, likewise are not applicable. See Knudson, 513 F. Supp. 2d at 1259-60 (M.D. Ala. 2007). Because those provisions do not apply, the Court finds no conflict to be resolved with the plain language of § 1681t(b)(1)(F). The Court must therefore apply the plain language of the preemption provision in § 1681t(b)(1)(F) to this case.

---

[8] The FCRA refers to companies that furnish credit information to consumer reporting agencies as furnishers of information.

15

Section 1681t(b)(1)(F) provides, "No requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies. . . ." 15 U.S.C. § 1681t(b)(1)(F). The subject matter under § 1681s-2 includes a prohibition against furnishers providing "any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2. Plaintiff alleges that Defendants generated false, malicious, and defamatory documents and submitted them to credit reporting agencies. This conduct falls within § 1681s-2 as it implicates Defendants' responsibilities as furnishers of information to consumer reporting agencies. As such, it is clear that § 1681t(b)(1)(F) preempts Plaintiff's state law defamation claim.

2. <u>Miscellaneous State Law Claims</u>[9]

In the Court's previous Order, it strictly limited any amendments to Plaintiff's state law defamation claims as well as those claims brought pursuant to 15 U.S.C. §§ 1631(b), 1667a, and 1681s-2(b). Because Plaintiff's Second Amended Complaint alleges six new causes of action aside from those expressly listed in the

---

[9] Plaintiff alleges that Defendants violated O.C.G.A. §§ 51-1-2 - 9. and also raises claims for negligence, gross negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Court's September 2, 2011 Order, these causes of action amount to impermissible amendments and are thus dismissed with prejudice.

### IV. CONCLUSION

Upon the foregoing, Defendants' motion to dismiss Plaintiff's Second Amended Complaint is **GRANTED**. The Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of May, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA